Johnson, J.,
dissenting in part: I cannot agree with the majority’s holding that the district court failed to determine that Morrison’s conduct was the product of a bad or corrupt purpose. Accordingly, I would simply reverse the Court of Appeals, including its unauthorized order to stay the district court’s ouster order, and I would affirm the district court’s Judgment of Ouster.
First, the verdict form presented to the advisory juiy asked the questions of whether it was highly probable that Morrison, “while in office, intentionally or purposefully engaged in misconduct in order to do wrong or cause injuiy to another,” and “while in office, intentionally or purposefully neglected to perform any duty man *819 dated by law in order to do wrong or cause injury to another.” The jury answered those questions affirmatively, if a person acts or refuses to act “in order to do wrong or cause injury to another,” that person’s conduct must be deemed the product of a bad or corrupt purpose. In other words, a determination that Morrison’s conduct was for the purpose of doing wrong or causing injury to another is the equivalent of finding that his conduct was for a bad or corrupt purpose.
Likewise, the district court specifically found that the evidence showed that Morrison “used city property for his own convenience,” which was “a personal benefit to [Morrison].” The district court also made determinations about Morrison’s lack of credibility in his excuses, which bolsters those findings. In my view, a public official who knowingly appropriates the public’s property for the official’s own personal benefit has acted for a corrupt purpose. Granted, as Morrison argued before us, there are instances of misappropriation of public property that are so de minimis that they should not support an ouster, e.g., making a single personal photocopy on the city’s machine. But that is where the district court’s exercise of discretion comes into play; it does not negate the bad or corrupt purpose of the action. Here, Morrison’s actions went way past de minimis, and the district court’s findings were sufficient to support its judgment. I would affirm.
Biles, J., joins in the foregoing dissent.